# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Nathan Duren, #234181,

                Petitioner,    Case No. 18-cv-11062

v.                                   Judith E. Levy
                                   United States District Judge

Lori Gidley,

                                   Mag. Judge David R. Grand

                Respondent.

_____/

# OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING THE MOTIONS FOR EQUITABLE TOLLING [4] & APPOINTMENT OF COUNSEL [3], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN <u>FORMA PAUPERIS ON APPEAL</u>

Michigan prisoner Nathan Duren ("petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), as well as motions for equitable tolling (Dkt. 4) and appointment of counsel (Dkt. 3). Following a bench trial in the Wayne County Circuit Court, petitioner was convicted of two counts of felonious assault, felon in possession of a firearm, and possession of a firearm during the commission of a felony. In 2014, he was sentenced as a fourth habitual

offender to concurrent terms of one to 10 years imprisonment on the assault and felon in possession convictions and a consecutive term of five years imprisonment on the felony firearm conviction. In his petition, he raises claims concerning the sufficiency of the evidence, the great weight of the evidence, the conduct of the prosecutor, and the effectiveness of trial counsel. In his motion for equitable tolling, he indicates that his habeas petition is untimely under the one-year statute of limitations applicable to federal habeas actions, but asserts that he is entitled to equitable tolling.

For the reasons set forth below, the habeas petition is untimely, and petitioner's motions for equitable tolling and the appointment of counsel are denied. In addition, a certificate of appealability and leave to proceed *in forma pauperis* on appeal are denied.

## II. Procedural History

Petitioner was convicted and sentenced in 2014. Following sentencing, he filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed his convictions. *People v. Duren*, No. 324836, 2016 WL 2731093 (Mich. Ct. App. May 10, 2016) (unpublished).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Duren*, 500 Mich. 899 (Nov. 30, 2016).

Petitioner dated his federal habeas petition on March 27, 2018.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

The Michigan Supreme Court denied petitioner's direct appeal on November 30, 2016. Petitioner's convictions became final ninety days later – on or about February 28, 2017. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333

4

(2007); S. Ct. R. 13(1). Accordingly, petitioner was required to file his federal habeas petition by February 28, 2018, excluding any time during which a properly filed application for state post-conviction or collateral review was pending, in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not seek state post-conviction or collateral review. He dated his federal habeas petition on March 27, 2018 – approximately one month after the one-year limitations period had expired.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783–84 (6th Cir.

5

2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In his motion for equitable tolling, petitioner asserts that the one-year period should be equitably tolled because he did not learn of the Michigan Supreme Court's November 30, 2016 decision denying leave to appeal until March 1, 2018. A prisoner's failure to receive a copy of a state court's decision can be a reason to equitably toll the limitations period. *See Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002). In such a case, however, the prisoner may not "passively await decision" and instead must act diligently both before and after receiving notice of the court's decision. *Id*.

Petitioner fails to allege or establish that he acted with sufficient diligence to justify equitable tolling. State court records show that he filed his application for leave to appeal with the Michigan Supreme Court

6

on July 7, 2016. *See People v. Duran*, Mich. S. Ct. Dkt. No. 154060, http:courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=154060&CourtType=1. The court issued its decision on November 30, 2016. *Id.* There is no record of any inquiry by petitioner until March 8, 2018, when the court sent him another copy of its decision in response to his letter, which is consistent with petitioner's claim that he learned of the court's decision on March 1, 2018. *Id.*

Waiting more than one year and seven months after filing his application to inquire into the status of his case before the Michigan Supreme Court was not diligent. *See, e.g., Robinson v. Easterling*, 424 F. App'x 438, 443 (6th Cir. 2011) (waiting one year and six months between inquiries was not reasonably diligent); *Sadler v. Michigan*, No. 15-12437, 2016 WL 4437669, *4-5 (E.D. Mich. Aug. 23, 2016) (waiting over two years to check on status of case was not diligent); *Johnson v. Bergh*, No. 13-CV-13828, 2013 WL 5913438, *3 (E.D. Mich. Oct. 31, 2013) (same); *Campbell v. Woods*, No. 2:11-CV-00015, 2011 WL 3739361, *1 (W.D. Mich. Aug. 24, 2011) (adopting magistrate judge's report denying equitable tolling where petitioner waited one year and six months to check on his Michigan Supreme Court appeal); *see also Keeling v.*

7

*Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (discussing cases where equitable tolling was denied due to prisoner's failure to monitor status of appeal); *Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (denying equitable tolling where prisoner failed to monitor his case). Moreover, petitioner offers no explanation as to how he learned of the court's decision or why he did not inquire into the status of his appeal sooner. Petitioner thus fails to show that he acted with reasonable diligence in monitoring the status of his appeal before the Michigan Supreme Court so as to warrant equitable tolling of the one-year period.[1]

Additionally, the fact that petitioner is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling*, 673 F.3d at 464 (*pro se* status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish

---

[1]The Court notes petitioner's 26-day delay in submitting his habeas petition to prison officials for mailing after learning of the Michigan Supreme Court's decision, while not excessively dilatory, was also not particularly diligent given that he raises the same claims presented to the state courts on direct appeal in his habeas petition.

8

that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537–39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be

9

exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). Moreover, his own conclusory assertion of innocence is insufficient to support an actual innocence claim. A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## IV. Conclusion

For the reasons set forth above, the habeas petition is untimely and petitioner is not entitled to equitable tolling of the one-year period. Accordingly, the petition for habeas corpus is DISMISSED WITH PREJUDICE. Given this determination, petitioner's motions for equitable tolling and appointment of counsel are also DENIED.

Before petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the procedural ruling that the habeas petition is untimely debatable. Accordingly, a certificate of appealability is DENIED.

Lastly, an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, petitioner is DENIED leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: August 6, 2018       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2018.

     s/Shawna Burns
     SHAWNA BURNS
     Case Manager